IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

Vs.                                  No.   96-40032-01-SAC

MARTIN A. RILEY,

        Defendant.

MEMORANDUM AND ORDER

Under the caption of his criminal case, the defendant Martin Riley has filed a pleading entitled, "Motion for Original Action in Mandamus and Quo Warranto Pursuant to K.S.A. 21-4724(b)(1) (Supp. 1993)." (Dk. 32). After pleading guilty to multiple counts of Hobbs Act violations and one count of using a firearm during a crime of violence, the defendant received in September of 1996 a sentence of 180 months of imprisonment and three years of supervised release. His supervised release commenced in April of 2009. Mr. Riley resumed his criminal activities which led to his arrest and conviction in two separate state cases for which he is presently serving lengthy sentences in state prison facilities. Since September of 2010, he has been in state custody. On the second case, he received a sentence of 247 months in August of 2012

following his plea to the charge of aggravated indecent liberties with a child.

Mr. Riley's motion argues that his 1996 federal sentence is erroneous in that he received three criminal history points for two state 1990 criminal convictions. He received two points for committing his federal offense while on parole for his state offenses. He received an additional point for committing his federal offense less than two years after his release from state custody. Mr. Riley argues that his constitutional rights were violated because the State of Kansas failed to reduce his sentence under the retroactive provisions of K.S.A. 21-4724(b)(1). Mr. Riley then posits without any meaningful explanation that the three criminal history points were improperly assessed.

Mr. Riley's pleading fails to articulate the court's jurisdiction over his entitled motions. He concedes that the 1990 state criminal convictions have been discharged, and he cannot seek any relief under them. He is only seeking a correction in his federal sentence. In particular, he is challenging his federal detention—that is, the federal detainer and the federal sentence of supervised release.

Review of Mr. Riley's motion depends on him showing that he may seek relief under the All Writs Act, which states, that "all courts

established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651. These writs are extraordinary remedies that require the petitioner to show he lacks an adequate alternative remedy. *See Mallard v. U.S. Dist. Ct. for Southern Dist. of Iowa*, 490 U.S.296, 309 (1989)("To ensure that mandamus remains an extraordinary remedy, petitioners must show that they lack adequate alternative means to obtain the relief they seek." (quotations and citations omitted)); *Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 502 (1933) (Quo warranto "is an extraordinary proceeding."); *see United States v. Luginbyhl*, 2012 WL 369269 at *1 (N.D. Okla. Feb. 3, 2012). Consequently, such relief under the All Writs Act is extraordinary and "is available only when § 2255 motions or other forms of relief are not." *United States v. Beasley*, 182 F.3d 933, 1999 WL 333116, at *1 (10th Cir. May 26, 1999) (citing in part, *Adam v. United States*, 274 F.2d 880, 882 (10th Cir. 1960); *see also Caravalho v. Pugh*, 177 F.3d 1177 (10th Cir. 1999) ("The exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255." (internal quotation marks and citation omitted)). In short, Mr. Riley has failed to show that this court has the

3

authority to grant relief under the All Writs Act.

A § 2255 motion "is the exclusive remedy for a federal prisoner attacking the legality of his detention." *Caravalho*, 177 F.3d at 1178. The one-year limitation period on Mr. Riley's arguments expired over 15 years ago. *See* 28 U.S.C. § 2255(f). "Although the one-year statute of limitations would likely render a § 2255 motion untimely, this does not establish the statutory remedy is inadequate or ineffective." *Moreno v. Cozza-Rhodes*, 514 Fed. Appx. 746, 747 (10th Cir. 2013) (unpublished); (citing *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996) ("Failure to obtain relief under 2255 does not establish that the remedy so provided is either inadequate or ineffective." (internal quotation marks omitted); *Montalvo v. Werlizh*, 461 Fed.Appx. 818, 819 (10th Cir. 2012) ("To be sure, a one-year limitation period applies, § 2255(f), but we have suggested that this does not render the remedy inadequate or ineffective. . . .")). "'A prisoner may not circumvent valid congressional limitations on collateral attacks by asserting that those very limitations create a gap in the postconviction remedies that must be filled by the common law writs.'" *United States v. Muldrow*, 2010 WL 1707994 at *1 (10th Cir. Apr. 28, 2010) (quoting *United States v. Valdez–Pacheco*, 237 F.3d 1077, 1080 (9th Cir.2001)). Because Mr.

Riley's motion attacks the validity of his federal sentence, he must bring it under § 2255 which is subject to a one-year period of limitation.

IT IS THEREFORE ORDERED that the defendant's "Motion for Original Action in Mandamus and Quo Warranto Pursuant to K.S.A. 21-4724(b)(1) (Supp. 1993)" (Dk. 32) is dismissed.

Dated this 31st day of July, 2015, Topeka, Kansas.

s/Sam A. Crow
Sam A. Crow, U.S. District Senior Judge